UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JEFFREY ALLEN WHITT,**

        Plaintiff,

   -vs-                                        Case No. 12-C-1199

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

        Defendant.

## DECISION AND ORDER

      Jeffrey Allen Whitt appeals from the denial of his application for social security disability benefits. The Administrative Law Judge found that Whitt suffers from the following severe impairments: status post CVA (cardiovascular accident), carpal tunnel syndrome and ulnar neuropathy of the left upper extremity, recurrent headaches, hypertension, diabetes and obesity. However, the ALJ found that Whitt had the residual functional capacity to perform sedentary work except for the following limitations: no climbing of ladders, ropes or scaffolds; no more than occasional climbing of ramps or stairs; no more than frequent reaching with the left upper extremity; no more than frequent handling or fingering with the left upper extremity; no operation of moving mechanical parts or machinery to complete tasks; and no work in high, exposed places. The ALJ also found that because of limitations with respect to concentration, persistence and pace, work should be limited to unskilled work that allows a flexible pace, such as self-paced work that does not

involve machine-paced work or fast-paced production rate work, and work that must not require maintaining continuous attention on one task or project for more than 15 minutes at a time.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

In formulating Whitt's RFC, the ALJ noted that Whitt "underwent a functional capacity evaluation in July 2011 which determined he would be limited to working no more than four hours per day at [a] sedentary type job, as long as he was allowed a sit 'at will' option during standing, walking, carrying or push/pull activities." R. 24. If credited, this evidence would eviscerate the ALJ's RFC finding. SSR 96-8p ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work

- 2 -

Case 2:12-cv-01199-RTR    Filed 11/06/13    Page 2 of 5    Document 16

schedule"). The ALJ rejected the FCE because it was "from a non-medical source" and was "not substantiated by the record as a whole." R. 25. However, to the extent that the FCE is "not substantiated" by other evidence in the record, the ALJ failed to analyze a doctor's report from November, 2010 which is consistent with the FCE in many respects. *Compare*, R. 352 ("Left-sided hyperreflexia with complaint of numbness on the left side of the body, likely due to right thalamic lesion"); R. 354 ("Mr. Whitt's ability to perform physical work is limited primarily for his standing and walking related to decreased stamina related to his stroke. Left side foot slap pronounced after four minutes of walking on a level surface at a pace of 2.0-2.5 miles per hour (versus the norm of 2.7-3.0 mph). This would limit Mr. Whitt's tolerance for and safety during sanding, walking, carrying, and pushing-pulling"). Although an ALJ "need not mention every snippet of evidence in the record, the ALJ must connect evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012).

Moreover, the ALJ found that Whitt's testimony was only "partially credible" because "a review of the medical evidence reveals exam findings do not fully substantiate the allegations as to the severity and limiting effects of the claimant's impairments." R. 24. An ALJ may not disregard subjective complaints merely because they are not fully supported by objective medical evidence. *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995). The absence of objective medical evidence is just one factor to be considered along with the claimant's daily activities; the location,

- 3 -

duration, frequency and intensity of the pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medication; and functional limitations and restrictions. 20 C.F.R. § 404.1529(c)(3). The ALJ focused on Whitt's daily activities, observing that he is "independent with regard to personal care and activities such as driving, cutting the grass, doing laundry, running errands, camping, and carrying firewood, albeit on a somewhat limited basis." R. 25. Whitt's apparent ability to "struggle through the activities of daily living does not mean that [he] can manage the requirements of a modern workplace." *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011); *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer"). The ALJ also noted that Whitt "did not use an assistive device at the time of the hearing and did not appear to have any difficulty sitting or walking in, around, or out of the hearing room." R. 25. A disability claimant would have an easier time summoning the strength for the one-time ordeal of a disability hearing than he would for the daily requirements of full-time employment. Also, just because a claimant does not show any outward signs of difficulty does not mean that he is not disabled. If anything, a claimant who is exaggerating his symptoms is more likely to put on a show for the ALJ than to be stoic in the face of pain.

In sum, the ALJ's decision is not supported by substantial evidence in the record. Therefore, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). On remand, this matter should be assigned to a different ALJ for a *de novo* hearing with the opportunity to submit additional evidence.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2013.

                                        **BY THE COURT:**

                                        _____
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**